**In re EAGLE FROSTED FOODS CORP.**

**No. 1459.**

United States District Court,
D. Delaware.

September 12, 1950.

James M. Tunnell, Jr. (of Tunnell & Tunnell), of Georgetown, Del., for claimant.

Daniel J. Layton, of Georgetown, Del., for trustee in bankruptcy.

Stewart Lynch, Wilmington, Del., referee in bankruptcy.

LEAHY, Chief Judge.

This is a review of the Referee's order in No. 1459. It involves the claim of Woodcock, a real estate broker, for commissions. On July 19, 1949, claimant acting as an auctioneer sold the plant and machinery of the bankrupt, Eagle Frosted Foods Corporation, at Georgetown, Delaware, the sale occurring before the instant company was declared a bankrupt. The property was sold to Swift & Company of Chicago, Illinois, for $110,000 subject to the assumption of a mortgage held by one Isaacs in the amount of $70,000 with interest at 5%, the total amount due on the day of sale being $72,333.34. After bankruptcy Woodcock filed his claim for commissions for acting as auctioneer in connection with the sale of the property. The Referee decided Woodcock was entitled to a 10% commission, in accordance with his contract with Eagle, on the $110,000 bid of Swift & Company, but that he was not entitled to any commission on the amount of the bid represented by the mortgage which, according to the conditions of sale announced on the day of sale, had to be assumed by any purchaser in addition to his bid price. The Referee thus allowed a commission of $11,000 on the bid price of $110,000 and disallowed Woodcock's demand of an additional $7,233.34 representing commission on the mortgage figure. In so deciding, the Referee held the contract between Woodcock and the bankrupt covered the matter here in dispute, i. e., in the case of an encumbrance the commission would be computed only upon the net equity and not also upon the encumbrance; and moreover, there were no additional factual cir-

cumstances which should change the result.

An examination of the record before the court below shows that findings of fact by the Referee numbered 1, 2, 3, 4, 7, 8, 10, 11, 12 and 13 are not here challenged. The only findings which are challenged are numbered 5, 6, and 9, respectively.

As to finding 5 the Referee was manifestly justified in finding there was no misrepresentation of fact in respect of the outstanding mortgage as far as claimant Woodcock is concerned. As to finding 6 (that claimant knew from the public records, is charged with knowledge of, or could have learned therefrom, the mortgage was outstanding and unpaid and could not be, according to its stipulated terms, discharged except at the option of the mortgagee) the Referee was clearly justified in his finding. In arriving at finding 9 the Referee said "No contract was made or effected between the claimant and Eagle modifying the written contract that they had made on June 25, 1947, but, on the day of sale, conditions of sale were prepared and circulated and an announcement was made to the assembled bidders that the sale of Eagle's property would be made subject to the outstanding mortgage." In this connection, claimant had the burden of establishing his claim by a preponderance of the evidence and this he failed to do. The Referee, under the evidence, was justified in finding there was no modification of the original contract Woodcock vis-à-vis Eagle.

The decision of the Referee as to the Woodcock claim will be affirmed on two grounds. First, General Order 47, 11 U.S.C.A. following section 53 [1] provides that a decision or report of a Referee including his findings of fact must be accepted by the appellate judge unless the same are clearly erroneous.[2] The Court of Appeals for this Circuit has followed the rule assiduously. Judge Kalodner, for example, in In re Wolf, 3 Cir., 165 F.2d 707, 710, as to not disturbing the Referee's findings unless clearly erroneous said: "It is the rule which has obtained in this circuit, and we

again affirm it in order that it may be regarded as settled beyond controversy." However, in addition to the rule as stated, the second basis for affirmance in the matter at bar is that there is ample evidence to sustain the Referee's findings and conclusions of law independent of the application of General Order 47.

Accordingly, the conclusion here is that the Findings of Fact, Conclusions of Law and the Opinion of the Referee as to the Woodcock claim are affirmed and an order may be submitted so providing.

---

1. See 4 Collier on Bankruptcy 2218.

2. For a discussion of the function of the review court, see 2 Collier op. cit. 1496 et seq.